1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENNY DE CARLO GALLEGOS, | Case No. 1:24-cv-01310-CDB (SS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **21-day Deadline** |
| Defendant. | <u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Benny De Carlo Gallegos ("Plaintiff"), proceeding pro se, seeks judicial review of this Court's earlier affirmance of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits and supplemental income benefits under the Social Security Act. In his complaint, Plaintiff names as Defendants the Commissioner, the administrative law judge that presided over Plaintiff's administrative claim (Laura Bernasconi), and U.S. Magistrate Judge Stanley A. Boone, who presided over Plaintiff's earlier action in this Court seeking review of the Commissioner's denial of his application for benefits.[1]

///

---

[1] The undersigned has considered the Code of Conduct for United States Judges and concludes that recusal is unwarranted. *See* Canon 3C(1) (Mar. 2019).

1

**Background**

On March 28, 2024, the Judge Boone issued an order denying Plaintiff's motion for summary judgment in an earlier-filed action in which Plaintiff sought judicial review of the Commissioner's denial of his application for benefits. *Gallegos v. Comm'r of Soc. Sec. at al.*, No. 1:23-cv-00090-SAB ("*Gallegos I*"), Doc.19.[2]  That same day, Judge Boone ordered that judgment be entered in favor of the Commissioner and against Plaintiff and the case be closed. (*Gallegos I*, Docs. 19-20). Plaintiff did not file a notice of appeal or motion for reconsideration of the Court's order.

Approximately five months later, on September 10, 2024, Plaintiff commenced a new action against the Commissioner, ALJ Bernasconi, and Judge Boone, and filed a motion to proceed in forma pauperis. *Gallegos v. Comm'r of Soc. Sec. et al.*, No. 1:24-cv-01072-CDB ("*Gallegos II*"), Docs. 1, 2. Upon reviewing the allegations of Plaintiff's complaint on October 3, 2024, the undersigned construed the subsequent action as an attempt by Plaintiff to appeal or seek reconsideration of the Court's ruling in Plaintiff's earlier action (*Gallegos I*). Accordingly, the undersigned entered an order construing Plaintiff's action as a motion for reconsideration of Judge Boone's decision in *Gallegos I*, directing the Clerk of the Court to administratively close *Gallegos II* and to file the order and the complaint on the docket in *Gallegos I*. *See* (*Gallegos I*, Doc. 21).

On October 7, 2024, Judge Boone entered an "Order Disregarding Construed Motion for Reconsideration" in which he held, "[t]his Court does not construe Plaintiff's filing [of *Gallegos II*] as a motion for reconsideration." (*Gallegos I*, Doc. 23). Judge Boone further noted, "[t]o the extent Plaintiff is attempting to file an untimely notice of appeal of the March 28, 2024 order by way of a civil complaint in this Court, Plaintiff should have been advised that his requested relief was improper." *Id.* at 4 (citing Local Rule 146 and Fed. R. App. P. 3).

**The Present Action**

On October 25, 2024, Plaintiff filed the instant action and a motion to proceed in forma

---

[2] A court may take judicial notice of court records in another case. *United States v. Howard,* 381 F.3d 873, 876 n.1 (9th Cir. 2004).

pauperis.  (Docs. 1, 2).  As with his filings in *Gallegos II*, Plaintiff asserts the Commissioner, Administrative Law Judge Bernasconi, and Judge Boone "overlooked [his] substantial evidence" and that he seeks to appeal the Court's decision in the underlying case.  (Doc. 1 at 5-6).  Plaintiff states he "strongly disagree[s] with the decision made on [*Gallegos I*] due to the neglect I have been receiving in this case." *Id.* at 7.  Plaintiff states that "the opposing party" in *Gallegos I* (presumably, the Commissioner) made "various misrepresentations" in *Gallegos I* and that Plaintiff commenced the instant action to "be given an opportunity to appeal" and that he "will be submitting documents as evidence." *Id.*

## **Governing Legal Standard**

Because Plaintiff is proceeding without counsel in this action and seeks to be granted *in forma pauperis* status, this Court is required pursuant to 28 U.S.C. § 1915(e)(2)(B) to screen Plaintiff's complaint and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989).

///

**Discussion**

Based on Plaintiff's allegations – including that he expressly seeks to "appeal" from Judge Boone's dismissal of Plaintiff's action seeking review of the Commissioner's denial of his application for benefits and that Plaintiffs seeks the same relief by his present appeal (award of social security benefits) – the undersigned construes the instant action as an attempt by Plaintiff to appeal the Court's decision in *Gallegos I*. Even liberally construing the complaint, such an action now is untimely under Rule 4 of the Federal Rules of Appellate Procedure. Specifically, judgement was entered in *Gallegos I* on March 28, 2024, and Plaintiff did not file commence *Gallegos II* until September 10, 2024 – more than five months later. *See* Fed. R. App. P. 4(1)(B) (providing that a notice of appeal in action to which the United States is a party must be filed within 60 days after entry of the judgment/order to be appealed). It follows that this action, likewise, is time-barred.

As discussed above, the Court must dismiss a case if it is frivolous. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous and must be dismissed when it lacks an arguable basis either in law or fact. *Neitzke*, 490 U.S. at 325, 327. The Court lacks subject matter jurisdiction over frivolous cases. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *see also Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction).

Because Plaintiff's action lacks any arguable basis in law (because it is time-barred), the undersigned will recommend that Plaintiff's complaint be dismissed with prejudice and that his pending application to proceed *in forma pauperis* be denied as moot.

**Conclusion and Recommendation**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that

1. Plaintiff's complaint (Doc. 1) be DISMISSED with prejudice; and
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **November 22, 2024**

UNITED STATES MAGISTRATE JUDGE